Thank you, Your Honor. May it please the Court, my name is Tim Timmish. I represent the appellants and plaintiffs below, Timothy and Jasper Walsh. The appellants would request three minutes to rebuttal. Your Honor, we made five salient points in our brief, but I'd like to deal with what I believe is the most dispositive issue, and that's whether it was futile below to amend the complaint. Plaintiffs believe it was not futile, and they believe several things demonstrate that. Well, I guess I appreciate you may want to go to futile, but there's not much to do on futile if we don't determine why the district court was an abuse of discretion in granting a dismissal without leave. Yes, Your Honor, but I — plaintiffs cited the authorities that futility is an issue for de novo review. The Court has discretion to decide whether or not grant — to grant leave, and that is dealt with on the abuse of discretion standard, but whether it was futile to amend is reviewed by this Court de novo. Let me ask you, did you ever ask the district court what — did you ever tell the district court what you would have done to amend? Yes, Your Honor. Where was that? On two occasions, before the dismissal and after the dismissal. Let me address before the dismissal. The appellants were represented by Attorney Heller. She followed the Court's instructions, which was to file a 10-page supplemental brief that was supposed to be cogent and concise. You'd already amended once, correct? Correct, Your Honor. In the superior court. But you needed — you needed the leave of court to amend? I think that's an open question. I — we can clear it. Well, I don't find any place in the rules that says you can amend twice without a motion. This case was removed from superior court. Yes, I was unable to find anything in the rules that dealt with where the amendment occurred in superior court. Did you ever file a motion to amend? No, Your Honor. But consider this. The plaintiffs three times asked for leave to amend within their options — their oppositions to the motions to dismiss. The Court, after the first time, found it was improper to embed that request within their opposition to the motion to dismiss and instructed them a path forward. And that path forward was to file a cogent and concise — I'm going to put quotes there on that — cogent and concise opposition to the motion to dismiss explaining their claims. Heller did that. Attorney Heller, the prior attorney on the case, she filed a five-page brief. I think she was cogent and concise. Within that, she described how the statute of limitations as to the contract claim would be preserved because the contract didn't consummate except within four years of the initial filing. She also explained how the three-year statute of limitations on fraud was preserved because of a late discovery of the defining documents of the fraud that occurred within three years. She spells all this out. She also explains the elder abuse claim. Now, the district court had a job — So the district court was supposed to just surmise that she wanted to amend without getting a motion? I — she did ask for it. I mean, having sat on the district court a couple of times and knowing that this is the case, I was worried that I did it right. And when somebody doesn't even tell me they want to amend, I have a tough time knowing what to do. His Honor — point of question. His Honor is asking if the plaintiff asked to amend by a motion or versus within their — Motion. I mean, that's what they had to do. They did not — I'm just trying to read the rule. Attorney Heller did not file a motion. Their request was within the opposition. So then you're going to say, without a motion to amend, just because one is arguing and one can take your argument pro or con but give you full benefit of what you're saying, I'm going to say that the district judge, without a motion, abused its discretion to grant the 51 — the 41B order. Respectfully, Your Honor, I think the district court's job is larger than that. I think the district court needs to judge futility. You need — the district court needs to decide — Futility is when you have a motion. Futility is when you lack specific — respectfully, Your Honor, futility is when you lack a means to amend. For instance, a statute of limitations that can't be overcome, an immunity, an inability, complete inability to specify the basis of fraud, a pregnant omission, something that's just evident on the face of the complaint that cannot be overcome. Let me move you further. Then you move for reconsideration. Yes, Your Honor. I read your stuff for reconsideration in front of us. The best I see here on a 59E motion is that I might — the plaintiffs might be relieved on the grounds that their non-anticipation was excused. I don't have anything in here about manifest injustice. I don't have anything in your brief about why this is. All I have is the rule. Have you waived that? I don't believe so, Your Honor. Well, what do I look for when I'm looking for the manifest injustice? Manifest injustice was just this, Your Honor. Why didn't you put it in your brief? If I may, Your Honor, I believe we did. Where? Give me the best place, because I've searched all over. There's 53 and a third pages about a Rule 41 motion. And there's a one-third page having to do with a motion for reconsideration and nothing about manifest injustice. Your Honor, we spelled out in a long declaration everything the Walsh's did to try to obtain counsel. They were — they got removed from their court of choice. They were without Federal counsel. We spelled out Heller's experience. We spelled out all the 19 attorneys that they tried to obtain counsel. We spelled out how they hired and fired and moved really fast to find somebody. May I reserve, Your Honor? Well, and I, yes, I worry about that, removing counsel and depriving them of counsel, because I looked through the district court record and I didn't find anything that made that argument to the district court. Your Honor, it was — we filed a declaration by Timothy Walsh, and it was within the — Do you ever make the argument about removing the action and depriving him of counsel to the district court? Yes, Your Honor. I guess you — I need to find it, because I looked all over for it. I'll find it. Would you find that? Yes, Your Honor, certainly. May I reserve? Good morning. May it please the Court. Joshua White here of Severson Weirson on behalf of Countrywide Home Loans Incorporated and Bank of America. Co-appellees realize we have — we're short on time, so let me go right to the dismissal order, which is what I'll address primarily. Appellants appear to be operating under the misapprehension that this dismissal was under 12b-6 standards for failure to state a claim. This was a dismissal for sanctions, for failure to comply with the Court's instructions on what to file in terms of a supplemental opposition, and as the Court noted in its colloquy with counsel, a motion for leave to amend. That's a Rule 41b dismissal. That's governed by abuse of discretion standards. And here, the district court correctly applied the Fairdick five-factor disjunctive test, and significantly, appellants make no argument that that — that the district court misapplied those factors, and nor did the appellants make an argument necessary to show that there was a definite and confirmed conviction that the court below committed error in applying those factors. Rather, what appellants seem to be arguing is that the district court had an independent obligation to analyze futility. Again, that's the wrong standard. The Court's review of this dismissal begins and ends with the Fairdick five factors. As this Court explained in Edwards v. Marin Park, the issue of whether the amended complaint stated a claim or could have stated a claim is beyond the purview of that particular — of that particular Fairdick five factors. What's the timeline on this? What — who was the lawyer representing the Walsh's on May 1st? Your Honor, up to the point of the dismissal, it was Ms. Heller. And Ms. Heller — Well, she was just a fish flopping on the deck. She didn't know where she was or what she was doing. She was pretending to be a lawyer, and she was wasting everybody's time. Well, Your Honor, I — This guy wasn't much better. They finally get a lawyer, and all this damage had already been done. Now, we're supposed to look at these things from the point of view that a dismissal that doesn't reach the merits is sort of a last resort. Now, we've all been trial judges, and we've all seen sorry lawyers that get in there and sometimes we lose our patience with them. But this is an excellent trial judge, and she's done a great job, but she didn't even look at some of the stuff that came in when they finally got a lawyer. Well, Your Honor, I guess I respectfully would say that she did review everything that was before her, and she did address everything in her orders. What she found was that Ms. Heller might have been negligent, but as this Court's jurisprudence finds, that's not enough. She never mentioned futility at all in her orders. Right, Your Honor. But that's what I was saying before, because futility is not in the analysis. This was a dismissal for failure to obey the Court's orders. And that — They got hit with the atomic bomb before they ever got a lawyer. Well, Your Honor, again, I would note that they did have a lawyer. Ms. Heller filed the supplemental opposition. You call her a lawyer, but she's a pretty sorry excuse for one. I don't know where she came from. I agree. I agree, Your Honor, that she did it ineptly and it was negligent. But again, this Court's jurisprudence says that a client is — If this was a criminal case, there would be an effective assistance to counsel case just as big as you could paint it. Perhaps, Your Honor. Although I will say, and appellants have already pointed this out, Ms. Heller filed a supplemental opposition. She filed declarations and exhibits. She did it ineptly, and she didn't do it as the Court instructed, but she did do those things. And again, her clients are bound by her acts and omissions, as this Court has found in other cases, even when the sanction itself is dismissal. So the only factor, I think, that really is in play is whether there were less drastic alternatives. And that's been generous to the court. The real question, I guess, is whether you get three strikes or if you're out on two. Well, I guess there would be more than — She's trying to get a third strike here with a new lawyer. If I'm surveying the background of this case, I think that the district court not only gave her — I believe gave the appellants more than sufficient opportunities, didn't dismiss the case outright, even though the appellants didn't comply with its orders, gave them the opportunity to meet and confer further, to file a supplemental opposition, and in the face of that, they come back and disobey the court's orders. And so what is the court to do at that point? It is being repeatedly disobeyed. It's giving the attorney explicit instructions. This is what you need to do in order to have me analyze whether leave to amend is appropriate. And with that, Your Honor, I do want to call to the counsel for Chappell to address the motion for redistricting. I think our case management team in the clerk's office probably gave this case a little bit less time than it might need, but we're stuck with the calendar we have, so go ahead. Appreciate it, Your Honor. Please, the Court. Alan Packer, Neumeier & Dillian for Chappell Industries Inc., John Ludeman and Brett Hillard. I've been asked in our group to address the Rule 59e and Rule 60 aspects of the case, the motion for reconsideration for relief from default. I agree with the comment that was made earlier, which was it's hard to respond to this because the appellate brief contains less than a full page on the issue. So do you argue it's waived? There's really no argument to respond to, Your Honor. There's no points and authorities addressing whether there's manifest injustice, whether there's excusable neglect, addressing any of the points and authorities that were relied on by Judge Armstrong below regarding why this is not excusable neglect, why none of the factors apply that would enable her to reach any relief. It's not in the brief, and it's our position it's been waived. If the Rule 60b motion is not waived, must we not remand this on a 60b motion under the Pioneer-Breones test? I don't think so, Your Honor. This is an abusive discretion standard here, and Judge Armstrong ---- I realize that we don't ordinarily reverse a court simply for failing to articulate Pioneer-Breones, but it's got to engage in analysis. And here my worry is that one could suggest the district court didn't engage in an equitable analysis. I think that she did, although not expressly stated here. I hate to directly contradict you. I'll admit to you that those words are not in the brief, but at the same time, the concepts that were presented to her in all the motion papers and articulated in her ruling, I think, satisfy those standards. It's just not expressly stated. Did Walsh and their attorneys at this point even ever argue that there was a failure to articulate or apply the Pioneer-Breones standards? No. So even if we get to there and we're now on appeal, if they don't argue it, we've got a tough time, don't we? I think we do, Your Honor. And I don't disagree with the comment that was made earlier, which was that the first lawyer was flopping like a dead fish out there, like a fish out there. But that's not excusable neglect. There's governing case law that says your choice of counsel who does a bad job isn't grounds for finding excusable neglect. And plaintiffs have never responded to those. And I apologize. I want to get up before Polizzi has no time. Okay. Well, I'll be fair. We're holding you to the time only because that's what we've got. But I got the chief of all chiefs here who says you need a little extra, so I'm not going to undo him in any event. Go ahead, counsel. Thank you, may it please the Court. Who are you? My name is David Harris of Middle Star Regalia. I represent appellees N.L. Inke and Joe Polizzi. Very briefly, Your Honor, I do want to address the Court's concern about Ms. Heller and her lack of capability and experience. I think it's important to note that the primary allegation against Ms. Heller is that she failed to explain to the district court how any proposed amendment would cure any defects. No one questions present counsel's experience and capabilities. And yet they have done the same thing. Nowhere at any point, including up to today, have counsel explained how a proposed amendment would cure the defects. And the reason is very simple. There is no way to cure these defects. Even if you reach the issue of futility, and I agree with counsel that that's not appropriate under 41B, but even if you did, there is a complete lack of damages. The primary allegation is that they were forced into a loan that they could never afford. At least as of the time that the motion to dismiss was granted, they were current on that loan. The statute of limitations, for example, is utterly dispositive. The lawsuit was filed more than four years after the close of escrow. We know that prior to the close of escrow, and we know this from plaintiff's own proposed second amended complaint by their own admission, they claimed that they knew prior to the had allegedly falsified their income. It is impossible to allege that you discovered that your loan agent falsified your income and simultaneously allege that you were not on reasonable inquiry notice, that there was something wrong, that you might not qualify for the loan. And that's the thrust of their allegation. The other issue I wanted to address, Your Honor, as far as presenting a cogent and concise argument, counsel is, and I don't blame him for this, but he's trying to play both sides of that fence. He's trying to say that Ms. Heller was incompetent for failing to do so, but he stands up here before you today and says that she did present a cogent and concise argument. That's simply not true. The court was well within its discretion, and I appreciate Your Honor's comment as to what might occur in a criminal case. We're in a civil case. The rules are very clear. They have their remedy if they believe there was incompetence. This is a case that should never have been brought in the first place, however. And the issue is not necessarily what any of the justices might have done had they been at the trial court level. The issue is whether this trial court judge manifestly abused her discretion, and she did not. Thank you. Thank you. Roberts. Your Honor, the declaration of Timothy Walsh regarding their efforts to secure counsel is at the court docket 56. That's excerpt 22. And it's also within the memorandum at 55. This, this, there was a suggestion that they might. My worry, counsel, and I really didn't get to this because it's a matter of opinion, I guess, but my worry, counsel, is that the D.J. in this particular matter leaned over backwards to try to get this done the way it ought to be done. She had a chance to dismiss it when it came to fruition the first time. She did not. What did she do? She said immediately, I can do all this stuff, but I'm not going to. I'm going to give you another chance. And this time, do this. She didn't say, I'll give you a chance and then not say what to do. She said, do this. If I may address that. And then they didn't do this. The this that she suggested was a single step moving forward. She doesn't say, go file that motion. In fact, she doesn't leave enough time to file that motion. She provides six days. And she says, the efficient course moving forward is you to file that opposition. And then in her last page, in the thing, she says, consistent with the above, I ask plaintiff to follow the schedule. It's no model of clarity. Now, Heller didn't know what she's doing. Any good Federal lawyer would have overdone. You would have not requested, you would have shown. File a big complaint. She didn't do that. I admit she didn't know what she was doing. But in all events, the Court also, when it dismissed the case, didn't analyze what Heller did. She showed how she defeated the statute of limitation in two different respects. She showed how she did the elder law cause of action. She showed how she would speed, plead specific facts. But the district court in one footnote, one footnote, doesn't address any of that. She just says, hey, I'm looking and I see that you would be past the one-year statute of limitations on your TILA claim. That's all she does. I think her job is bigger than that. Fundamentally, this is the first courtroom this case has seen. This Court is doing the district court's work today. Respectfully, I think. Scalia. Respectfully, I appreciate what you're saying. But I also respectfully suggest that as a former DJ, the standard review means something. We're not here on de novo review. We're here on abuse of discretion review. So how do I do what you want me to do on abuse of discretion? Well, I would ask the Court to consider that this, given that it was an improper, that you apply a de novo review. I think it is the district court's job to figure out whether the complaint can be amended. I would like to just read one last statement from the case called Lira v. Hera. It says, Leave to amend should be granted unless the pleading could not possibly be cured by allegation of other facts and should be granted more liberally for pro se plaintiffs. All the defendants admit that these complaints look like they were drafted by non-lawyers, and they were. I mean, that's undisputed. They were drafted by paralegals. We're simply asking for the first chance. My clients, the equities here, my clients are facing $150,000 in defense attorney fees that they've moved for. Those motions are state. They're facing $150,000 for losing, and they haven't even gotten out of the gate. As His Honor said, they were facing the atomic bomb from the very beginning. They just want to file their first attorney-drafted complaint. And I think once they got counsel in the case, they moved very fast. In less than a month, they have this 127-page complaint, largely tracking what Attorney General Brown filed against Countrywide. It's good allegations. It will withstand the light of day. It will make it to the next stage. They just need that chance. They're homeowners. Thank you, Your Honor. Case 10-15004, Walsh v. Countrywide Home Loans, Inc., is now submitted.
judges: Collins, Goodwin, Smith N. R.